UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 3:17-cr-156 (JAM) |
| | : | |
| NEFTY RODRIGUEZ, | | |
| *Defendant.* | : | |

**ORDER GRANTING IN PART MOTION FOR RESTITUTION**

The Government has moved for an order of restitution in this criminal case involving a victim's overdose as a result of narcotics that the defendant sold her. For the reasons set forth below, I will grant in part the Government's motion for restitution.

### BACKGROUND

In August 2015, a 21-year-old woman (referred to here as "J.C.") purchased drugs from the defendant Nefty Rodriguez.[1] The next morning, she overdosed and suffered brain damage that left her in a permanent vegetative state.[2] Tests performed at the hospital where J.C. was admitted showed heroin and cocaine in her system.[3] Following J.C.'s overdose, her mother ("J.K.") took six months off from work so that she could travel to visit her daughter in various intensive care settings.[4]

Rodriguez pleaded guilty in January 2018 to possession with intent to distribute and distribution of heroin and cocaine base.[5] On May 2, 2018, I sentenced Rodriguez principally to a

---

[1] Doc. #45 at 4-7 (¶¶ 7-20) (presentence report). At sentencing, neither party objected to the facts set forth in the Presentence Report. *See* Doc. #68 at 5-6 (transcript of sentencing hearing).
[2] Doc. #45 at 4-5 (¶¶ 7-9).
[3] *Id*. at 4 (¶ 7).
[4] *Id*. at 8 (¶ 24).
[5] Doc. #41 (minute entry of plea hearing).

term of four years of imprisonment.[6] I imposed a sentence above the Sentencing Guidelines range primarily on the ground that Rodriguez had knowingly risked J.C.'s life and had caused her and her family extraordinary harm.[7]

Rodriguez appealed the sentence, and the Second Circuit affirmed.[8] It concluded in relevant part that "the victim's permanent physical injury was a proper basis for increasing the sentence" and that "the record clearly supports such findings to justify a departure [for victim injury] under Section 5K2.2" of the Sentencing Guidelines.[9]

At sentencing, I deferred an order of restitution and requested that the Government file a restitution motion.[10] The Government in turn filed a motion for an order of restitution payable to J.K. in the amount of $53,466.00 with respect to expenses incurred by J.K. related to the care of her daughter while at rehabilitation hospitals in New Hampshire and Massachusetts.[11]

Because the Government's motion lacked documentation to corroborate J.K's claimed expenses, I ordered the Government to supplement its restitution motion with additional documentation of the claimed expenses for restitution.[12] The Government submitted a receipt for $106.93 from a hotel where J.K. stayed when visiting J.C. during her convalescence at the hospital in New Hampshire.[13] The Government also included an affidavit from J.K. stating that she had spent approximately $14,980 on car travel, $286 on tolls, $5,000 on food and lodging

---

[6] Doc. #62 (judgment).
[7] Doc. #66 at 75-76.
[8] Doc. #77; *see also United States v. Rodriguez*, 774 F. App'x 712 (2d Cir. 2019).
[9] Doc. #77 at 1 & n.1.
[10] Doc. #66 at 66-67, 76.
[11] Doc. #69.
[12] Doc. #70.
[13] Doc. #72-1.

(including stays such as the one documented), and $400 on a therapist.[14] The affidavit further states that J.K. spent $2,400 on toiletries and $5,000 on clothing for J.C., and that following her daughter's overdose she lost $25,400 in wages from missing work.[15] Apart from the single hotel receipt, the Government has not submitted any receipts or other documentation in support of the claimed expenses or explained why it has not been reasonably possible to furnish such documentation.

At the time of Rodriguez's sentencing, he reported no assets and an estimated $10,000 in liabilities.[16] According to the U.S. Probation Office, Rodriguez began his supervised release term in November 2021, with a scheduled termination date in November 2024. He lives with his mother, and he has been working for $18 per hour for a warehouse distributor where he earns between $442 to $699 net income per week depending on the number of hours worked.

## DISCUSSION

For cases like this one involving controlled substance offenses, federal law provides that "[t]he court, when sentencing a defendant … may order … that the defendant make restitution to any victim of such offense, or if the victim is deceased, to the victim's estate." 18 U.S.C. § 3663(a)(1). As relevant here, the statute defines the term "victim" to mean "a person [who is] directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." *Id.* § 3663(a)(2). Any dispute "as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence," and the "burden of demonstrating the amount of loss sustained by a victim as a result of the offense shall be on the

---

[14] Doc. #72-2 at 1-2 (¶¶ 4-6).
[15] *Id.* at 2 (¶¶ 7-9).
[16] Doc. #45 at 21 (¶ 87).

3

attorney for the Government." *Id*. § 3664(e).

Rodriguez argues that the Government has not proved by a preponderance of the evidence that his dealing of heroin and cocaine caused J.C.'s injuries.[17] I do not agree. I find based on the admitted facts contained in the Presentence Report that the heroin and cocaine detected in J.C.'s bloodwork at the hospital came from Rodriguez and was very likely responsible for the permanent brain injuries that J.C. ultimately suffered. Because J.C. was "directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered," J.C. is a victim entitled to restitution under federal law. *Id.* § 3663(a)(2).[18]

The restitution statute further provides that if a "victim" is "incapacitated," then "another family member … may assume the victim's rights under this section." *Ibid*. The federal courts of appeals appear to be split on the issue of whether such provisions allow a family member to recover their own expenses as distinct from expenses incurred by or on behalf of the victim herself. *See United States v. Casados*, 26 F.4th 845, 848–53 (10th Cir. 2022) (discussing cases regarding an identical provision in 18 U.S.C. § 3663A(a)(2)). Even assuming that J.K. can only recover expenses she incurred on behalf of J.C., it appears to me that J.K. is entitled to recover a

---

[17] Doc. #76 at 2-4.
[18] Because there are independent grounds to award restitution to J.K. as discussed in the text that follows, I need not decide whether J.K. is also a "victim" of Rodriguez's drug trafficking activities under section 3663(a)(2). *See In re Rendon Galvis*, 564 F.3d 170, 176 (2d Cir. 2009) (mother of victim murdered by Columbian paramilitary group was not herself a victim for purposes of restitution because the defendant military officer responsible for the son's forced disappearance pleaded guilty only to conspiring to import cocaine into the United States, and that crime was too attenuated from the son's murder to satisfy the statute's direct-and-proximate cause requirement); *United States v. Juv. Female*, 296 F. App'x 547, 548–49 (9th Cir. 2008) (mother of crime victim was herself a victim entitled to restitution for the wages she lost while searching for her son because the defendant's crime of assault with a deadly weapon foreseeably resulted in her son's death and his body never being recovered); *but see id.* at 550 (Berzon, J., dissenting) (while the mother was "undoubtedly harmed[] by her son's death, … she was harmed indirectly, not directly, by the offense here at issue," and the restitution statute does not "contemplate that adult relatives of victims *automatically* become victims themselves for restitution purposes").

large proportion of her claimed expenses because those expenses would have been incurred directly by J.C. to reimburse her mother for her rehabilitation assistance if J.C. had been of sound mind and able to make such expenditure decisions. In any event, because Rodriguez has failed to argue that the type of expenses incurred by J.K. are not compensable under the federal restitution statute or that J.K. herself is not a "victim" or otherwise a proper payee for an order of restitution for such reasons, I conclude that Rodriquez has waived any such argument.[19]

Rodriguez further argues that the Government has not adequately substantiated the amount of restitution.[20] I agree. Because the Government has not submitted any documentation in support of J.K.'s expenses other than the cost of lodging for a single trip to New Hampshire, I will limit restitution to an amount of $5,000. This amount is a conservative estimate of J.K.'s expenses that I can be certain does not overstate the financial losses that directly and proximately resulted from Rodriguez's offense.

The $5,000 amount would be equivalent to the lodging costs incurred by J.K. on roughly 50 occasions at a cost of approximately $100 a night.[21] These visits by J.K. during J.C.'s hospitalization were related to necessary medical care in light of the evidence that J.K. made important decisions such as keeping J.C. on life support and transferring her to facilities that provided specific care she needed.[22] *See United States v. Star*, 2014 WL 3809168, at *5 (D.S.D.

---

[19] The restitution statute provides that "[t]he court may also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense." 18 U.S.C. § 3663(a)(1)(A). Because the parties' plea agreement does not specifically identify J.K. as a victim or otherwise expand the definition of a victim for restitution purposes, there is no cause here to rely on the terms of the plea agreement.
[20] Doc. #76 at 4-7.
[21] Doc. #72-2 at 1-2 (¶ 6).
[22] Doc. #45 at 8-9 (¶¶ 24-25).

2014) ("[W]hen a third party has paid for treatment costs or incurred travel expense to get the victim to treatment, that third party may receive restitution.").

Although there is "no requirement that … losses be evidenced by receipts," *United States v. Depiazza*, 172 F.3d 38, at *1 (2d Cir. 1999) (table decision), I cannot award restitution based on "one-page loss summaries provided by the victims" absent "more detailed explanations of the losses each victim suffered" or other "sufficient, reliable evidence to support a restitution order," *United States v. Waknine*, 543 F.3d 546, 557–58 (9th Cir. 2008). There has been no satisfactory explanation for the lack of what should be readily available records of expenditures or receipts, despite my specific request for such documentation. Although I do not doubt that J.K. incurred substantial expenses, I agree with Rodriguez that "[t]he Government has offered insufficient and unreliable evidence of loss."[23]

At any rate, even if the Government had adequately substantiated its claim for restitution, I conclude based on the financial information contained in the Presentence Report as well as my more recent inquiry of the U.S. Probation Office concerning Rodriguez's employment while on supervised release that he lacks the ability to pay any substantially larger restitution amount than $5,000. *See* 18 U.S.C. § 3663(a)(1)(B) (requiring a court to consider "in determining whether to order restitution" not only the amount of loss sustained by the victim as a result of the offense but also the financial resources of the defendant as well as the financial needs and earning ability of the defendant). Accordingly, I will grant in part the Government's motion for restitution to require that Rodriguez pay restitution to J.K. in the amount of $5,000.

---

[23] Doc. #75 at 5.

On a final note, I acknowledge that this ruling on the Government's restitution motion comes now more than four years after the imposition of sentence. It was my oversight for failing to address this motion far sooner as it should have been, and I regret the delay.[24]

### CONCLUSION

The Court GRANTS in part the Government's motion for restitution (Doc. #69) in the amount of $5,000 that is due and payable immediately to J.K. In the event that Rodriguez is not able to pay the full amount at this time, Rodriguez shall pay $200 per month during the remaining term of his supervised release, and this payment amount may be subject to adjustment upon either party's motion demonstrating grounds to increase or decrease this monthly amount. Rodriguez shall notify the U.S. Probation Office of any material change in his economic circumstances that might affect his ability to pay restitution. The Court GRANTS the motion to seal (Doc. #71) on the ground of clear and compelling reasons for which sealing is narrowly tailored and necessary to protect public disclosure of the identity of J.C. and J.K. The Government is requested to prepare and file a proposed restitution order on the customary template form and in accordance with this ruling.

It is so ordered.

Dated at New Haven this 18th day of July 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[24] It does not appear to me that the delay divests me of authority to rule on the Government's motion in the absence of any showing of prejudice to Rodriguez. *See United States v. Dalicandro*, 711 Fed. App'x 38 (2d Cir. 2017) (affirming restitution order that was entered four years after imposition of sentence).